# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv287

| | |
|---|---|
| TD BANK, N.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>McCOMBS OIL COMPANY, INC., )<br>THOMAS H. McCOMBS, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is Plaintiff's Motion for Summary Judgment [# 11]. Plaintiff brought this action asserting three breach of contract claims against Defendants. In the alternative, Plaintiff asserted an unjust enrichment claim against Defendants. Plaintiff now moves for summary judgment on its breach of contract claims against Defendants. Defendants, who are represented by counsel, failed to file a response to the motion. The Court **GRANTS** the Motion for Summary Judgment [# 11].

**I.    Background**

On April 5, 2004, Defendant McCombs Oil Company, Inc ("McCombs Oil") executed a Promissory Note and Security Agreement whereby Defendant McCombs Oil received a $2,000,000 loan from Carolina First Bank. (Ex. B to

-1-

Case 1:11-cv-00287-DLH   Document 12   Filed 09/07/12   Page 1 of 6

Pl.'s Mot. Summ. J.)  Defendant McCombs signed the Promissory Note and Security Agreement on behalf of Defendant McCombs Oil.  (Id.; McCombs Dep. 17:17-24, May 9, 2012.)   The maturity date of the loan was April 5, 2005.  (Ex. B to Pl.'s Mot. Summ. J.)

Defendant McCombs Oil executed a second Promissory Note and Security Agreement on May 7, 2004.  (Ex. F to Pl.'s Mot. Summ. J.)  Pursuant to the terms of this second agreement, Defendant McCombs Oil received a $490,000.00 loan from Carolina First Bank with a maturity date of May 7, 2009.  (Id.)  Defendant McCombs also signed this second Promissory Note and Security Agreement on behalf of Defendant McCombs Oil.  (Id.)

In order to secure the loans, Defendant McCombs executed two Guaranty Agreements.  (Ex. G to Pl.'s Mot. Summ. J.; Ex H to Pl.'s Mot. Summ. J.; McCombs Dep. 20:22-21:22; Doyle Aff. ¶ 5, Jun. 14, 2012.)  Pursuant to the terms of the Guarantee Agreements, Defendant McCombs agreed to guarantee the full amount of the debt incurred by Defendant McCombs Oil, including the debt set forth in the promissory notes dated April 5, 2004, and May 7, 2004.  (Ex. G to Pl.'s Mot. Summ. J.; Ex H to Pl.'s Mot. Summ. J.)

Defendants and Carolina First Bank then entered into a Forbearance Agreement, which they subsequently amended twelve times, that extended the

maturity date for the two notes. (Ex. I to Pl.'s Mot. Summ. J.) The Twelth Amendment to the Forbearance Agreement provided that Carolina First Bank agreed to forbear from exercising any of the Collection Remedies under the Loan Documents until a default of the Forbearance Agreement or the Loan Documents, or until June 23, 2010. (Id.)

Plaintiff TD Bank, N.A. is the successor in interest through merger of Carolina First Bank. (Ex. A to Pl.'s Mot. Summ. J.) When the notes matured, Defendants failed to pay the outstanding balances due. (Doyle Aff. ¶ 7.) As a result, Plaintiff sent letters to Defendants demanding the immediate payment of the entire balance due under the notes. (Doyle Aff. ¶ 8; McCombs Dep. 43:4-22.) Defendants, however, have not paid the outstanding balance due on the notes, which totals $1,056,629.72 in principal and interest. (Doyle Aff. ¶¶ 8-9.)

## II.	Legal Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute between the parties will not defeat a motion for summary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986); Bouchat v. Baltimore Ravens

Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003). Rather, there must be a genuine issue of material fact. Id. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248, 106 S. Ct. 2510. Finally, in deciding a motion for summary judgment, the Court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). The Court, however, may consider the other materials in the record. Id.

### III. Analysis

In order to prevail on its breach of contract claim under North Carolina law, Plaintiff must demonstrate the existence of a valid contract and a breach of the terms of the contract. Woolard v. Davenport, 601 S.E.2d 319, 322 (N.C. Ct. App. 2004); Poor v. Hill, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000); Shell Trademark Mgmt. BV & Motiva Enters., LLC v. Ray Thomas Petroleum Co., Inc., 642 F. Supp. 2d 493, 503 (W.D.N.C. 2009) (Conrad, C.J.). The undisputed evidence in the record demonstrates that Plaintiff is entitled to judgment as a matter of law because there is no issue of material fact as to the necessary elements of its breach of contract claims.

The record demonstrates the existence of valid contracts between Plaintiff

and Defendants. In addition, the record is clear that Defendants breached the terms of these agreements by failing to pay the amounts due under the terms of the agreements by the date specified. As a result of Defendants' breach of the contracts at issue, Defendants are liable for the unpaid outstanding principal balance plus interest, as specifically set forth in the agreements. In addition, Defendants are responsible for the reasonable attorneys' fees, not exceeding 15% of the outstanding balance of the notes, pursuant to the terms of the agreements. Finally, the undisputed evidence in the record reflects that the outstanding principal balance plus interest owed by Defendants is $1,056,629.72. Accordingly, the Court finds that Plaintiff is entitled to summary judgment on the breach of contract claims and **GRANTS** the Motion for Summary Judgment [# 11].

### IV. Conclusion

The Court **GRANTS** the Motion for Summary Judgment [# 11] on Counts One, Two, and Three. The Court **DISMISSES without prejudice** Count Four. The Court **DIRECTS** the Clerk to enter Judgment against the Defendants in the amount of $1,056,629.72, plus reasonable attorneys' fees incurred by Plaintiff in collecting the amount due under the loan documents. Plaintiff shall have fourteen (14) days from the entry of this Order to file a motion for attorneys' fees with the

Court setting forth the reasonable attorneys' fees incurred. Plaintiff's request for fees should be supported by affidavit. Finally, Plaintiff shall specify against which party and pursuant to which agreement and statute the attorneys' fees are sought.

Signed: September 7, 2012

Dennis L. Howell
United States Magistrate Judge